AMY, DEMANDANTE Y APELANTE, *v.* GUERRA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera en pleito sobre cobro de dinero.

No. 2017.—Resuelto en mayo 25, 1920.

APERTURA DE REBELDÍA—DISCRECIÓN JUDICIAL.—No puede estimarse que la corte de distrito abusara de la discreción que le dá el artículo 140 del Código de

Enjuiciamiento Civil al ordenar la apertura de la rebeldía del demandado en un caso en que se reclamó el pago a una sola persona, siendo dos los obligados.

Los hechos están expresados en la opinión.

Abogados del apelado: *Sres. B. Guerra* y *G. Guerra.*

Abogado del apelante: *Sr. M. A. Rivera.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante demandó ante la Corte de Distrito de Ponce a Arturo Guerra reclamándole el pago de cierta cantidad de dinero y el demandado pidió y obtuvo que el pleito fuera trasladado a la Corte de Distrito de San Juan. En esta corte obtuvo el demandante sentencia en rebeldía, pero posteriormente, a petición del demandado, la corte dejó sin efecto la anotación de rebeldía y la sentencia condenatoria registrada contra él por el secretario. Contra esta resolución interpuso el demandante el presente recurso de apelación.

Aun cuando se ha tratado extensamente este recurso por el apelante, sin embargo, nos limitaremos a la cuestión que a nuestro entender es bastante para justificar la resolución apelada.

Alfredo Amy vendió un condominio de siete octavas partes de una finca a Saturnino Sastre y a Ramón Pérez Crespo, quedando aplazado casi todo el precio con hipoteca. Ramón Pérez Crespo vendió su participación en ese condominio a H. Taylor, quien a su vez la vendió a Saturnino Sastre y éste vendió luego dicha participación a los hermanos Arturo y Gabriel Guerra. El demandante recibió de Arturo Guerra algún plazo de la hipoteca que correspondía a Ramón Pérez Crespo y habiendo surgido desavenencias entre Amy y Guerra con motivo de cuestiones sobre la inscripción del título del último, Amy demandó a Arturo Guerra cobrándole el importe de la parte de hipoteca que primeramente contrajo Ramón Pérez Crespo.

Uno de los motivos en que se fundó Arturo Guerra para

pedir la apertura de la rebeldía y que se dejase sin efecto la sentencia es que él solo ha sido condenado a pagar la cantidad reclamada cuando según la escritura pública que presentó con su moción tal participación la compró en unión de su hermano Gabriel Guerra por la suma de $1,271.42 de los que los compradores retuvieron en su poder la cantidad de $904.42 para hacer efectiva la hipoteca que grava el condominio enajenado.

Según el artículo 1104 del Código Civil la concurrencia de dos o más deudores en una sola obligación no implica que cada uno de ellos deba prestar íntegramente las cosas objeto de la misma y sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria; y según el artículo siguiente 1105 si del texto de las obligaciones a que se refiere el artículo anterior no resulta otra cosa la deuda se presumirá dividida en tantas partes como deudores haya, reputándose deudas distintas unas de otras. En vista de esos preceptos entendemos que la corte inferior no usó mal de la facultad discrecional que le concede el artículo 140 del Código de Enjuiciamiento Civil al dejar sin efecto la rebeldía de Arturo Guerra y la sentencia contra él registrada por la totalidad de la cantidad reclamada por cuanto no resulta de su contrato de compra que aceptara expresamente la obligación de pagar solidariamente la deuda que con el demandante tenía Ramón Pérez Crespo sino en unión de su hermano Gabriel.

La resolución apelada debe ser confirmada.

> *Confirmada la resolución apelada, permitiéndose al demandado radicar su contestación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.